USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                              :

MANIK KALRA, *et al.*,                    :

                       :

                     Plaintiffs,   :               1:26-cv-4594-GHW

                       :

           -against -               :                 ORDER

                       :

JOSEPH B. EDLOW, *Director, United States*
*Citizenship and Immigration Services*,      :

                       :

                    Defendant.   :
------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

## I.      BACKGROUND

On June 1, 2026, Plaintiffs filed this action requesting that the Court compel Defendant to adjudicate Plaintiffs' pending respective Form I-829, on behalf of nine sets of Plaintiffs: (1) Manik Kalra and his dependents (collectively, the "Kalra Family"); (2) Arvin Filomeno Pereira and his dependents (collectively, the "Pereira Family"); (3) Binh Thi Thanh Pham and her dependents (collectively, the "Pham Family"); (4) Sujit Subhash Kale and his dependents, (collectively, the "Kale Family"); (5) Than Toan Luong and his dependents (collectively, the "Luong Family"); (6) Rodolfo Horacio Gutierrez and his dependents (collectively, the "Moreno Family"); (7) Thu Hang Le and her dependents (collectively, the "Le Family"); (8) Nga Thi Tuy Le and her dependents (collectively, the "Tuy Le Family"); and (9) Ria Kushan individually. Dkt No. 1 ("Compl.") ¶¶ 5–13. Each set of Plaintiffs alleges that Defendant has unreasonably delayed the adjudication of their respective Form I-829 "notwithstanding a clear requirement" to act on their petitions within ninety days and seeks an order from this Court directing Defendant to adjudicate their petitions. *Id.* ¶¶ 1–4.

On June 2, 2026, the Court issued an order to show cause as to why the Court should not dismiss the claims of all Plaintiffs except Manik Kalra and his dependents, without prejudice to refiling each of their claims in separate civil actions. Dkt No. 11. On June 5, 2026, Plaintiffs filed a

response.  Resp. to Order to Show Cause ("Resp."), Dkt. No. 14.  In their response, Plaintiffs argued that their claims meet Federal Rule of Civil Procedure 20's requirements because "they allege delay of the same form, Form I-829, which have the same basis, and are submitted to the same USCIS office."  *Id.* at 3.  In short, Plaintiffs' theory for joinder is that Defendant has a systematic "pattern and policy of unreasonable delay in the adjudication of Forms I-829."  *Id.* at 3–4.

Under governing law as described in the Court's order to show cause, Dkt. No. 11, and this order, the Court is not persuaded that there is sufficient similarity between the nine sets of Plaintiffs' claims to permit them to be filed in a single case.  As a result, Plaintiffs have failed to show that joinder is proper.  The Court therefore exercises its discretion to drop the improperly joined parties.  As discussed below, the claims of all Plaintiffs except Manik Kalra and his spouse are dismissed without prejudice to refiling each of their claims in separate civil actions.

## II.  LEGAL STANDARD

While the text of Federal Rule of Civil Procedure 21 "is silent as to what constitutes misjoinder," "[t]he cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)."  7 FED. PRAC. & PROC. CIV. § 1683 (3d ed. 2023).  Rule 20(a)(1) permits joinder of multiple plaintiffs in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  Rule 20, therefore, "permits joinder when the relief sought arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is a common question of law or fact."  *Arch Ins. Co. v. Harleysville Worcester Ins. Co.*, 56 F. Supp. 3d 576, 583 (S.D.N.Y. 2014).

In interpreting the term "same transaction [or] occurrence" under Rule 20, "many courts [in the Second Circuit] have drawn guidance from the use of the same term in Rule 13(a), [which]

appl[ies] to compulsory counterclaims." *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 228 (E.D.N.Y. May 23, 2013) (collecting cases) (citation and internal quotation marks omitted); *see also Lyons v. Litton Loan Servicing LP*, No. 1:13-CV-513, 2014 WL 5039458, at *3 (S.D.N.Y. Sept. 29, 2014) ("Courts in this district have used the Second Circuit's interpretation of [Rule] 13(a)(1)(A)'s 'transaction or occurrence' language as guidance in interpreting the Rule 20 requirement.").

When evaluating the "transaction or occurrence" language in the context of Rule 13(a), "the Second Circuit applies the 'logical relationship' test." *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004)); *accord N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 115 (S.D.N.Y. 2015) (in the context of deciding a Rule 21 motion, noting that "[w]hile '[t]here is no rigid rule as to what constitutes the same series of transactions or occurrences,' courts 'repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims'"") (citations omitted).

The Second Circuit explains the logical relationship test as follows:

> In determining whether a claim [in the Rule 13(a) context] 'arises out of the transaction . . . that is the subject matter of the opposing party's claim', this Circuit generally has taken a broad view, not requiring 'an absolute identity of factual backgrounds . . . but only a logical relationship between them.' This approach looks to the logical relationship between the claim and the counterclaim, and attempts to determine whether the 'essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'"

*United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979) (citations omitted); *accord In re EMC Corp.*, 677 F. 3d 1351, 1359 (Fed. Cir. 2012) ("To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts."). Likewise, in *Moore v. New York Cotton Exchange*, the U.S. Supreme Court interpreted the term "transaction" in the Rule 13 context as "a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their

3

connection as upon their logical relationship." 270 U.S. 593, 610 (1926).  Moreover, in the Second

Circuit, "[a]lthough the 'logical relationship' test does not require 'an absolute identity of factual

backgrounds,'" *Jones*, 358 F.3d at 209 (quoting *Aquavella*, 615 F.2d at 22), "at some point the essential

facts and 'the thrust of the two claims [are] so basically different that such accepted 'tests of

compulsoriness' as 'logical relation' [are] not met . . . ," *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.

1978) (quoting *Ball v. Connecticut Bank & Tr. Co.*, 404 F. Supp. 1, 4 (D. Conn. 1975).

## III.    DISCUSSION

Here, the essential facts of the nine sets of claims are not "so logically connected that

considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."

*Aquavella*, 615 F.2d at 22 (quoting *Harris v. Steinem*, 571 F.2d at 123).  Plaintiffs are nine distinct

families, each with unique needs and differing facts underlying their respective Form I-829, seeking

adjudication of their different respective Form I-829.

Each set of Plaintiffs are citizens of different countries, including India, Canada, Vietnam,

Mexico, and Australia.  Compl. ¶¶ 5–13.  Plaintiffs also reside in different states, including New

York, Texas, New Jersey, California, and Illinois.  *Id.*  Each set of Plaintiffs' underlying lawful

permanent residency applications were premised on different facts and approved on different dates.

*Id.* ¶¶ 80–156.  Each set of Plaintiffs invested in different commercial enterprises, and each set of

Plaintiffs' respective investment was administered by different "Regional Centers."  *Id.*  Each set of

Plaintiffs allege different harms resulting from the delay in adjudicating their respective Form I-829.

*Id.  Compare id.* ¶ 86 (alleging, among other harms, that the Kalra Family have "felt unable to travel to

support Plaintiff Chaturvedi's grandfather while he was hospitalized" and that the Kalra Family has

"postponed family planning") *with id.* ¶ 99 (alleging, among other harms, that the Pereira Family is

"deeply concerned that the Agency's continued delay will adversely affect their children's futures").

And each set of Plaintiffs' respective Form I-829 have been pending for different lengths of time.

*Compare id.* ¶ 86 (alleging that Defendant has delayed adjudication of the Kalra Family's Form I-829 for over four months) *with id.* ¶ 124 (alleging that Defendant has delayed adjudication of the Luong Family's Form I-829 for over twenty three months). Plaintiffs have sought to compel Defendant's adjudication of their respective Form I-829 by—improperly—joining each set of "basically different" Plaintiffs' claims under Rule 20(a)(1) in a singular case. *See Harris*, 571 F.2d at 123.

Joinder under Rule 20(a)(1) is improper here because the essential facts that gave rise to each of Plaintiffs' respective claims are not "so logically connected" as to dictate that the issues be resolved together. *Aquavella*, 615 F.2d at 22. The underlying facts supporting each family's respective claim of a delay in adjudicating their respective Form I-829 and the associated requests for declaratory and injunctive relief are distinct and unrelated; resolving the set of issues as to one Plaintiff provides no guidance as to how the Court should resolve the issues each of the other Plaintiffs.

Plaintiffs argue that their claims meet Federal Rule of Civil Procedure 20's requirements because "they allege delay of the same form, Form I-829, which have the same basis, and are submitted to the same USCIS office." Resp. at 3. The Court is not persuaded by this argument. Although each family unit seeks adjudication of the same form, and asserts claims against a common defendant, "the presence of a common defendant is not, by itself, sufficient" to establish a logical connection between each of the nine sets of Plaintiffs' respective claims. *See Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (rejecting the plaintiff's argument in the context of Rule 15(d) that "the proposed supplemental claims are sufficiently related to the original claims based primarily, if not exclusively, upon the fact that Goord is common defendant"). And the "essential facts" underlying each family's respective Form I-829—with each family's differing application based on each family's particular circumstances and particular investments—differ greatly. *Aquavella*, 615 F.2d at 22.

To determine Defendant's alleged noncompliance with respect to any delay in adjudicating their respective Form I-829, and to determine the reasonableness of any claimed fees under the Equal Access to Justice Act in turn, the Court must examine the underlying facts of each family's case. Resolution of one of the nine family's distinct set of claims provides no information or clarification to the Court regarding how to resolve the claims of the other families—who submitted their own respective Form I-829, with their own distinct facts, and distinct claims of harm. In particular, the Court would need to evaluate each set of Plaintiffs' respective commercial enterprise projects and respective investments in the projects, in light of the requirements of the EB-5 program, to determine whether any delay in adjudicating the respective Form I-829 was justified. Because each set of Plaintiffs invested in different commercial enterprises (which were administered by different Regional Centers), at different times, and in different parts of the United States, resolution of one claim provides no guidance on resolution as to another Plaintiff's claims.

Plaintiffs next argue that this case is similar to *Altowaiti v. Cissna*, No. 18-CV-508, 2018 WL 11446810 (S.D.N.Y. June 11, 2018), and that, as in *Altowaiti*, joinder here is proper because Defendant, they claim, is applying a systematic "pattern and policy of unreasonable delay in the adjudication of Forms I-829." Resp. at 5–7. Plaintiffs misstate the holding in *Altowaiti*. *Altowaiti* does not stand for the proposition that joinder is proper where plaintiffs, as they do here, merely allege a general pattern of delay resulting from agency disorganization. Compl. ¶¶ 78–79. Rather, *Altowaiti* makes clear that "the mere allegation of general delay is not enough to generate a common transaction or occurrence." 2018 WL 11446810 at *2 (quoting and discussing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). "A shared allegation of procedural delay may suffice to satisfy the 'same transaction or occurrence' when plaintiffs allege that the procedural delay flows from a common 'pattern or policy.'" *Id.* The *Altowaiti* court concluded that "plaintiffs have indeed alleged a common transaction or occurrence [because] they allege that their procedural delays stem

6

from . . . a policy and/or practice by USCIS that is different from that applicable to individuals with other national origins; namely that USCIS requires higher standards of proof to demonstrate family relationship for Yemeni petitions than it does for individuals from other countries." *Id.*

Here, Plaintiffs do not allege that the procedural delays "flow[] from a common pattern or policy." *Altowaiti*, 2018 WL 11446810 at *2. Rather, Plaintiffs allege only a pattern of delay resulting from "deep dysfunction" and "abject chaos" at the agency. Compl. ¶¶ 78–79 (alleging that filings are often lost, emails go unanswered, guidance arrives too late to be effective, and address updates are not processed). "Abject chaos" is anathema to any policy. And alleging that the purported policy is the delay itself is not sufficient; Plaintiffs may not rely on allegations of a pattern of delay, without alleging that such delay "flows from" a common policy, to avoid proceeding in separate actions.

Because Plaintiffs have failed to satisfy the Rule 20(a)(1)(A) precondition for permissive joinder of parties, Plaintiffs have misjoined the nine sets of claims. *See* 7 FED. PRAC. & PROC. CIV. § 1683 (3d ed. 2003). Rule 21 provides a remedy for misjoinder: "[o]n motion or on its own, the court may at any time, on just terms . . . drop a party." Fed. R. Civ. P. 21. A court has "broad discretion in determining whether to add or drop parties," *Hurley*, 261 B.R. at 593. "The court may add or drop a party because of misjoinder . . . or to promote the efficient administration of justice." *Id.* The Court, in exercising this discretion, is guided by "principles of fundamental fairness and judicial efficiency." *Anwar v. Fairfield Greenwich Ltd.*, 118 F. Supp. 3d 591, 619 (S.D.N.Y. 2015) (citation omitted).

In exercising its discretion to drop an improperly joined party, the Court finds that the inclusion of the eight other sets of Plaintiffs here "will not foster the objectives of [Rule 20], but will result in prejudice, expense or delay." 7 FED. PRAC. & PROC. CIV. § 1652 (3d ed. 2023). As discussed, resolving the claims as to the Kalra family will in no way meaningfully assist the Court in

resolving the claims as to the other eight families, which arise from different "essential facts" and are therefore not "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Aquavella*, 615 F.2d at 22.

The Court appreciates that Plaintiffs' counsel may anticipate that this lawsuit is simply a vehicle to put pressure on Defendant to expedite adjudication of each respective Form I-829. If so, to counsel the aggregation of what are effectively multiple lawsuits into one may seem to be expedient. Doing so allows Plaintiffs to obtain their desired result with respect to multiple cases for the price of one and to file all claims in a single court, even though Plaintiffs adequately allege that venue is proper in this District only as to the Kalra Family. Compl. ¶ 20 ("Venue is proper in this Court . . . because the Kalra Family lives in New York, New York. . . . Because venue is proper for these Plaintiffs, it is proper for all Plaintiffs."). But even assuming that the nine sets of Plaintiffs' claims are ultimately resolved without the need for further litigation, misjoinder of these sets of claims into one action is inefficient. The joinder of these separate sets of claims into a single action will delay the resolution of the case as a whole: the Court cannot resolve one set of Plaintiffs' claims until all sets of claims are resolved. If one set of Plaintiffs' claims are capable of prompt resolution, while a different set's claims are not so easily resolved, the first set of Plaintiffs will have to wait longer to see the benefit of a prompt resolution, as they wait for the claims of the other set of Plaintiffs to be resolved.

Moreover, the Court proceeds with the assumption that lawsuits are filed with the expectation that they will be litigated. It is extremely inefficient to litigate what are effectively nine separate actions in a single lawsuit. Because of the different nature of the nine sets of Plaintiffs' claims, the Court does not anticipate any synergies in pre-trial discovery. Nor will there be meaningful synergies in any motion practice: motion practice will turn on the particular factual circumstances of each set of Plaintiffs. And were the action to proceed to trial, the claims of the

nine different sets of Plaintiffs could not logically be tried jointly: they present factually distinct

claims. In sum, permitting these misjoined claims to proceed in a single action would be extremely

inefficient.

And those inefficiencies are not offset by the marginal value of Plaintiffs' savings in filing

fees and the cost of the preparation of separate complaints. Because the misjoined claims can be

refiled in new actions at modest cost, the dismissal of those claims is not unfair. Therefore, the

Court concludes that the misjoined claims must be dismissed.

## IV.  CONCLUSION

Accordingly, the claims of all Plaintiffs except the Kalra Family are dismissed without

prejudice. The Clerk of Court is directed to remove the names of all Plaintiffs except Manik Kalra

and Uvika Chaturvedi, from the caption of this case.

SO ORDERED.

Dated: June 10, 2026
    New York, New York

_____
GREGORY H. WOODS
United States District Judge

9